MARIE S. LIVINGSTON, as Administratrix, etc., of ROBERT L. LIVINGSTON, Deceased, and Others, Appellants, *v.* BAYARD U. LIVINGSTON and Others, Appellants, Impleaded with CHARLES M. HOUGH, as Executor, etc., of ANNE D. THOMSON, Deceased, and Others, Respondents.

First Department, May 14, 1926.

**Wills — construction — devise to widow construed to be of life estate.**

The devise by the testator to his widow of certain real estate and personal property is construed to be devise of a life estate therein only.

MARTIN, J., dissents.

CROSS-APPEALS by the plaintiffs, Marie S. Livingston and others, and by the defendants, Bayard U. Livingston and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of March, 1925, granting respondents' motions for judgment on the pleadings, dismissing the complaint and determining that title to certain real property, situate in two boroughs of the city of New York, vested in fee simple in the devisees under the will of Anne D. Thomson, deceased, together with other relief, in an action for a declaratory judgment, and also from a judgment entered in said clerk's office on the 13th day of May, 1925, in pursuance of said order.

*Alfred R. Page,* for the plaintiffs.

*Joseph W. Welsh* of counsel [*Roland L. Redmond* with him on the brief; *Carter, Ledyard & Milburn,* attorneys], for the appellants Bayard U. Livingston and others.

*Alfred C. Petté* and *Philip M. Brett* of counsel [*Kellogg & Rose,* attorneys], for the appellant Helen Cornwall McCormick.

*W. A. W. Stewart* of counsel [*Stewart & Shearer,* attorneys], for the appellants Charles Ludlow Livingston and others.

*Frank B. Holsapple,* guardian *ad litem,* for the appellants Frank B. Holsapple, Jr., and others.

*John N. Drake,* guardian *ad litem,* for the appellant Brockholst Livingston.

*William A. Alcock* of counsel [*Williston Benedict* with him on the brief; *Frederic de Peyster Foster,* attorney for The Association for the Relief of Respectable Aged Indigent Females; *George N. Whittlesey,* attorney for the Children's Aid Society; *Osborn, Fleming & Whittlesey,* attorneys for American Female Guardian Society and The Home for the Friendless; *Curtis, Mallet-Prevost & Colt,* attorneys for the Society for the Relief of Half Orphans and Destitute Children; *DeForest Brothers,* attorneys for the Presbyterian Home for Aged Women; *John C. Pemberton,* attorney for Inwood House], for appellant charities.

*Edward S. Bentley* of counsel [*Louis O. Van Doren* and *William R. Conklin* with him on the brief; *Van Doren, Conklin & McNevin,* attorneys], for the appellant Baptist Home for the Aged.

*Frederick Geller* of counsel [*Herman S. Hertwig* with him on the brief; *Everett, Clarke & Benedict,* attorneys], for the respondents Henry Galbraith Ward and Charles M. Hough, as trustees, and Charles M. Hough, as executor and trustee.

*Parsons, Closson & McIlvaine,* attorneys for the respondents Mary L. Higgins and others.

*Henry B. Closson,* guardian *ad litem,* for the respondent Jane Parsons.

*Langdon P. Marvin,* guardian *ad litem,* for the respondent William Lawrence Breese.

FINCH, J. This action is brought by certain of the heirs at law of James Thomson, deceased, to obtain a declaratory judgment, determining and declaring the rights of the respective parties to this action in certain parcels of real property, of which the said James Thomson died seized and possessed, and also to certain personal property of which he was possessed at the time of his death, and for certain other incidental relief. Motions were made by certain of the defendants for judgment on the pleadings and an order was entered dismissing the complaint and adjudging that the title to said property vested in fee simple in Anne D. Thomson

on the death of said James Thomson under the provisions of his will and, on the death of Anne D. Thomson, vested in fee simple in the devisees under her will.

The question presented is whether, under the will of said James Thomson, his wife, Anne D. Thomson, took the personal property absolutely and the real property in fee simple or whether she took a life estate in the same.

For the reasons given in the accompanying opinions in *Livingston* v. *Ward* (216 App. Div. 675), herewith handed down, this court is of the opinion that said Anne D. Thomson took only a life estate. From which it follows that the real and personal property which remained in the residuary estate of James Thomson upon the death of Anne D. Thomson neither passed to the appointees of the power named in the 18th paragraph of the will of James Thomson nor to the residuary devisees named in the will of Anne D. Thomson, but such property vested by operation of law in certain plaintiffs and defendants, parties hereto as the heirs at law and next of kin of James Thomson.

It follows that the judgment and order should be reversed, with costs, and an order entered declaring that neither the residuary devisees under the will of Anne D. Thomson, deceased, nor any of the charitable and benevolent corporations or societies have any right, title or interest in and to the real and personal property described in the complaint, and that they be enjoined and restrained from at any time interfering with the possession of, or asserting any claim with reference thereto against those parties whom the court shall determine are entitled to the possession thereof; that Charles M. Hough, as executor of the last will and testament of Anne D. Thomson, deceased, shall be directed to account for and pay over to such of the parties hereto and in such proportion as the court shall determine them to be entitled, the personal property received by Anne D. Thomson under and by virtue of the residuary bequest in the will of James Thomson, and now in his possession as such executor, together with the costs of this action; that the action be severed and judgment entered in favor of the plaintiffs and against the said defendants, with costs, and that the matter be remitted to the Special Term to hear and determine the issues as between the heirs of James Thomson, deceased.

DOWLING, MERRELL and McAVOY, JJ., concur; MARTIN, J., dissents.

Judgment and order reversed, with costs, and an order directed to be entered as indicated in opinion. Settle order on notice.